UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUANA ADRIANA PACHECO,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>GOLD EMBLEM PRODUCE, INC.,<br><br>　　　　　　Defendant. | Case No.  4:15-cv-288-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it cross-motions for summary judgment.  The Court heard oral argument on August 9, 2016, and took the motions under advisement.  For the reasons expressed below, the Court will deny both motions.

## ANALYSIS

### Gold Emblem's Motion for Summary Judgment

Pacheco has made out a prima facie case under the *McDonnell Douglas* burden-shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805–06 (1973). She has presented evidence showing that while she was pregnant, and qualified for her job, she was fired and replaced by a non-pregnant individual.  This Court has previously

held that such a showing satisfies the *McDonnell Douglas* standard for a prima facie case. *Staley v. U.S. Bank Nat. Ass'n,* 2012 WL 3201934 (D.Id. August 3, 2012), *Id.* at *4.[1]

This shifts the burden to Gold Emblem to show that Pacheco was fired for a legitimate reason. Gold Emblem satisfies its burden by alleging that Pacheco was fired for insubordination after refusing to train another employee to be a pallet tagger. *See Taylor Affidavit (Dkt. No. 14-4)* at p. 3; *Simpson Affidavit (Dkt. No. 14-3)* at pp. 2-3.

To avoid summary judgment, Pacheco must show that this reason is a pretext for discrimination, and can do that either indirectly (by showing Gold Emblem's stated reason for termination is not credible and may be regarded by the jury as pretextual) or directly (by showing that unlawful discrimination more likely motivated Gold Emblem). *Chuang v. University of California*, 225 F.3d 1115, 1127 (9th Cir.2000). With regard to whether Gold Emblem's stated reason was not worthy of belief, and therefore pretextual, Pacheco alleges that she was never asked to train another employee, and thus never refused to do so. *See Pacheco Affidavit (Dkt. No. 16-3)* at p. 2. Instead, she claims that after Randy Taylor learned she was pregnant, he demanded that she accept the help of another employee to do her job, and she responded that she did not need any help because she could handle the job herself. *Id.*

---

[1] The Court would note that an unpublished Ninth Circuit case has held that "[t]o state a prima facie case of discrimination, [Plaintiff] must show that . . . similarly situated persons not in her protected class were treated more favorably *or that her position was filled by a person who was not pregnant.*" *See Fulkerson v. AmeriTitle, Inc.*, 64 Fed. App'x 63, 65 (9th Cir.2003) (emphasis added). But because unpublished cases prior to 2007 cannot be used as precedent, the Court will ignore this case.

**Memorandum Decision & Order – page 2**

If believed, Pacheco's allegations would demonstrate that Gold Emblem's claim that she was insubordinate for refusing to train another employee is not credible. That would be sufficient to raise a genuine issue of material fact precluding summary judgment.

In addition, Pacheco claims that there is direct evidence of discrimination. She has testified that Randy Taylor required her to bring a doctor's note describing any limitations that her pregnancy would place on her job duties. *See Transcript (Dkt. No. 16-5)* at pp. 38-39. She testified that she was told that "if you don't get this note, you cannot work here." *Id.*[2] Her doctor refused to provide the note, telling her that an employer cannot require such a note. *Id.* at p. 39.[3]

Thus, Pacheco alleges that Gold Emblem placed two demands on her because of her pregnancy (accept help and bring a doctor's note), and then fired her when she did not comply with those pregnancy-related demands. If she is to be believed, Gold

---

[2] Gold Emblem seeks to strike this testimony on the grounds it is culled from a transcript of a Department of Labor hearing that is inadmissible hearsay. But it is a statement of the plaintiff, recalling the statement of her manager (Taylor) who ultimately fired her. Taylor's statement would not be hearsay under Rule 801(d)(2). The fact that Pacheco's statement is contained in the transcript of an agency hearing does not make it inadmissible in this summary judgment proceeding. In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id.* (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay). Gold Emblem makes no challenge to the accuracy of the transcript. The Court will deny the motion to strike.

[3] Taylor recalled asking for the doctor's note but could not recall telling her that if she failed to bring one, she could not work there. *See Transcript, supra* at p. 27.

**Memorandum Decision & Order – page 3**

Emblem was setting her up for termination because she was pregnant, a violation of the PDA.

Gold Emblem argues that it treats all its employees the same.  But there is no evidence submitted to the Court that Gold Emblem routinely demands that employees with, say, weak backs or strained ankles, accept the help of another employee or be fired.

Gold Emblem points to a provision in its Medical Screening Procedure stating that "All employees must be observed for any signs of illness, open sores & lesions on a daily basis by their supervisors," and that "depending on the nature of the illness the employee may be required to bring a doctor's note before they will be allowed to return to work." *See Statement of Facts (Dkt. No. 14-2)* at ¶ 5.  But this provision is limited to illnesses, and pregnancy is not an illness.  There is no evidence before the Court that Gold Emblem routinely requires employees – who are suspected of having work limitations not related to illness – to bring a doctor's note or be fired.

Gold Emblem argues that it was merely attempting to help Pacheco by making sure she did not damage her health or that of the unborn infant due to the strenuous demands of her job.  Gold Emblem argues that it is being punished for being proactive in protecting Pacheco.  This paternalistic attitude is certainly a cultural norm.  But Congress has spoken that in the workplace, paternalism must give way to equal treatment for the pregnant woman:  Employers must treat "women affected by pregnancy . . . the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." *See* 42 U.S.C. § 2000e(k).  Because there are disputed facts over whether Gold Emblem treated Pacheco the same as it treated other employees

**Memorandum Decision & Order – page 4**

"similar in their ability or inability to work," Gold Emblem's motion for summary judgment must be denied.

**<u>Pacheco's Motion for Summary Judgment</u>**

Pacheco argues that she is entitled to summary judgment because Gold Emblem imposed on her two restrictions based entirely on her pregnancy that resulted in her being fired – accept help and bring a doctor's note.  But the discussion above demonstrates that genuine issues of material fact exist on these claims, precluding summary judgment.  The Court will therefore deny Pacheco's motion for summary judgment.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions for summary judgment (docket nos. 14 & 16) are DENIED.

IT IS FURTHER ORDERED, that the motion to strike (docket no. 18) is DENIED.

DATED: August 10, 2016

B. Lynn Winmill
Chief Judge
United States District Court